UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Lori J. Davis
N5112 E. 5th Street N.
Ladysmith, WI 54848,

      Plaintiff,

vs.                                                         CASE NO. 17-CV-604

JUMP RIVER ELECTRIC COOPERATIVE
1102 W. 9th Street North
Ladysmith, WI 54848,

      Defendant.

## COMPLAINT

The plaintiff, Lori J. Davis, by her attorneys O'FLAHERTY HEIM BIRNBAUM KIRCHNER & CURTIS, LTD., by Attorneys James G. Birnbaum and Jessica T. Kirchner, state the following as her complaint against the defendant named above.

### JURISDICTION

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Jurisdiction of the court is pursuant to 28 U.S.C. § 1331.

### PROCEDURAL REQUIREMENTS

1. Plaintiff has timely filed a complaint with the Wisconsin Department of Workforce Development – Equal Rights Division, and cross-filed with United States Equal Employment Opportunity Commission alleging discrimination based on sex and retaliation for having opposed discriminatory practices.

2. Plaintiff has received a right to sue notice from the United States Equal Employment Opportunity Commission, in reference to EEOC Charge Nos. 443-2016-00960, dated April 3, 2017.

## PARTIES

3. Plaintiff hereby restates and incorporates by reference each of the allegations contained in paragraphs 1 – 2.

4. Plaintiff Lori J. Davis (hereinafter "Plaintiff") is an adult resident of the State of Wisconsin, currently residing at N5112 E. 5th Street N., Ladysmith WI 54848.

5. Defendant Jump River Electrical Cooperative is upon information and belief, a member-owned cooperative that provides electric energy and other utilities and services, with its principal place of business at 1102 W. 9th Street North, Ladysmith, WI 54848.

## FACTS

6. Plaintiff hereby restates and incorporates by reference each of the allegations contained in paragraphs 1 – 5.

7. Plaintiff was employed by Defendant Jump River Electric Cooperative (hereinafter "Defendant") from May 19, 1986, until November 25, 2015.

8. Throughout Plaintiff's employment with Defendant, she was employed by Defendant in various capacities, last holding the position of Finance Manager at the time of her termination on November 25, 2015.

9. Throughout Plaintiff's employment with Defendant, she was consistently appraised as performing well and consistently received increases to her pay.

10. Defendant's Board of Directors is vested with the authority to appoint a

manager for the Cooperative; the Board was not vested with any employment related authority related to any other employees of the Cooperative.

11. For a brief time prior to the date of her termination, however, Plaintiff served as Interim General Manager from July 25, 2015 to November 1, 2015, subject to certain limitations including that she held no authority to make personnel changes among the staff.

12. Plaintiff served as Interim General Manager from July 25, 2015 to September 8, 2015, during the time period that Defendant's General Manager, Scott Peterson, was absent from work, and from September 8, 2015, to November 1, 2015, until such time that Mr. Peterson was prepared to return to his position full-time.

13. In Spring 2011, Defendant appointed Scott Peterson to the position of General Manager after terminating its longstanding General Manager Lori Larsen.

14. Lori Larsen filed sex discrimination charges, alleging violations of Title VII of the Civil Rights Act, as amended, and the Wisconsin Fair Employment Act, against Defendant related to her termination, as well as violations related to the conditions of her employment. *See* EEOC Determinations 26G201100632 and 443201100803.

15. The culture of Defendant's discriminatory conduct deeply rooted among Defendant's Board of Directors whose sexual innuendo in board meetings was unaddressed.

16. Defendant Jump River Electric Cooperative was operated according to corporate Bylaws, which, in part, defined a close family member.

17. In approximately August 2013, Defendant's Board of Directors adopted Nepotism Policy 30A, which also defined a close family member, but which definition of close family member differed from the definition provided in Defendant's Bylaws.

18. Nepotism Policy 30A was not only contrary to Defendant's Bylaws, but based

upon Defendant's employee composition, Defendant was in violation of Nepotism Policy 30A immediately upon its adoption.

19. On November 5, 2015, General Manager Peterson, Plaintiff and Defendant's attorney, Steven Weld, spoke regarding the marriage of an employee of the Cooperative and the son of another employee of the Cooperative, who had been married over two months earlier.

20. On November 6, 2015, Attorney Weld called back to indicate that the employee, Sarah Lew, had one week to decide if she or her father-in-law, Hank Lew, would quit or one of them would be terminated, for which Attorney Weld cited the Nepotism Policy 30A.

21. On November 24, 2015, Defendant's Board of Directors, contrary to the scope of its authority as defined by its Bylaws, terminated Plaintiff, in part, due to unsubstantiated accusations of imputing the failed management of the Nepotism Policy (over Sarah Law and Hank Lew) on Plaintiff, rather than General Manager Scott Peterson.

22. A lawsuit was initiated against Defendant's Board of Directors on or about December 11, 2015, in the State of Wisconsin Rusk County Circuit Court, relating, in part, to the Directors' adoption of Nepotism Policy 30A, which the plaintiff-Cooperative members alleged the Board improperly adopted in contradiction to the Bylaws.

23. The plaintiff-Cooperative members in the Rusk County Circuit Court case against Defendant's Board of Directors were ultimately successful in their claims.

24. On November 29, 2015, General Manager Peterson confided in Plaintiff that Defendant spoke to him about moving to the Finance Manager position due to his insufficient performance as General Manager, his remaining on a performance improvement plan since

2014, and his consistently failing to meeting the expectations of the Board of Directors.

25. General Manager Peterson had not been positively appraised in his performance as General Manager, told Plaintiff in October 2015 that Defendant's Board of Directors was not happy with his performance and was not giving him a salary increase as a result of its appraisal of his performance.

26. Shortly thereafter, in December 2015, Defendant moved Scott Peterson to the Finance Manager position.

FIRST CAUSE OF ACTION:  SEX DISCRIMINATION, 42 U.S.C. § 2000e-2(a)(1)

27. Plaintiff hereby restates and incorporates by reference each of the allegations contained in paragraphs 1 – 26.

28. Defendant discriminated against Plaintiff on the basis of her sex, in both the terms and/or conditions of Plaintiff's employment and by her termination, in violation of 42 U.S.C. § 2000e-2(a)(1).

SECOND CAUSE OF ACTION:  RETALIATION, 42 U.S.C. § 2000e-3

29. Plaintiff hereby restates and incorporates by reference each of the allegations contained in paragraphs 1 – 28.

30. As a result, Defendant retaliated against Plaintiff for having opposed discriminatory practices in the workplace by terminating her employment in violation of 42 U.S.C. § 2000e-3.

## CLAIMS FOR RELIEF

31. Plaintiff hereby restates and incorporates by reference each of the allegations contained in paragraphs 1 – 30.

32. Defendant violated Plaintiff's right to be free from discrimination on account of her sex, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq., and caused injuries, damages and harm to Plaintiff, including, but not limited to past and future economic loss, past, present and future non-economic loss, including emotional distress, loss of reputation, shame, humiliation, pain and suffering, mental anguish, impairment in the quality of life and consequential losses.

33. Defendant violated Plaintiff's right to be free from retaliation for having opposed discriminatory practices in the workplace, pursuant to Title VII of the Civil Rights Act of 1964, pursuant to 42 U.S.C. § 2000e-3 et seq., and caused injuries, damages and harm to Plaintiff, including, but not limited to past and future economic loss, past, present and future non-economic loss, including emotional distress, loss of reputation, shame, humiliation, pain and suffering, mental anguish, impairment in the quality of life and consequential losses.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. For reinstatement, back pay, and a make whole remedy;

B. For compensatory and punitive damages, in amounts to be determined.

C. For the costs, disbursements and reasonable attorneys fees.

D. For such other and further relief as the court deems just and proper.

Dated this 3rd day of August, 2017.

          O'FLAHERTY HEIM BIRNBAUM KIRCHNER & CURTIS, LTD.

          s/ Jessica T. Kirchner
          _____
          Jessica T. Kirchner
          State Bar No. 1047156
          201 Main Street, 10th Floor
          La Crosse, WI 54601
          Phone: 608.784.1605
          Fax: 608.785.1303

**THE PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**